**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THAIS L. BROUILLETTE,<br><br>    Plaintiff,<br><br> v.<br><br>CITIMORTGAGE, INC., CENLAR, and POWERS KIRN, LLC,<br><br>    Defendants. | Civil Action No. 23-04304 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon Defendant Powers Kirn, LLC's motion for an order certifying an interlocutory appeal and staying this matter. (ECF No. 24.) Plaintiff Thais L. Brouillette opposed, and Powers Kirn replied. (ECF Nos. 29 & 30.) The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Powers Kirn's motion is **DENIED**.

**I.  BACKGROUND**

  In this consumer credit action, Plaintiff brings various causes of action against CitiMortgage (her mortgage lender), Cenlar, FSB (CitiMortgage's loan servicer), and Powers Kirn (CitiMortgage's foreclosure counsel).[1] On May 31, 2024, the Court granted in part and denied in part the Defendants' motions to dismiss Plaintiff's original Complaint. (ECF No. 19.) In relevant

---

[1] A full recitation of the factual and procedural background may be found in the Court's prior Opinion dated May 31, 2024. (ECF No. 19.)

part, the Court denied Powers Kirn's motion to dismiss Plaintiff's claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. (*Id.* at 20.[2]) Powers Kirn argued that under the United States Supreme Court's decision in *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019), it should not fall under the primary definition of a "debt collector" under the FDCPA, but rather the limited-purpose definition subject only to the requirements of 15 U.S.C. § 1692f(6), and that Plaintiff's FDCPA claim should therefore be dismissed. (ECF No. 14-3.)

The Court denied Powers Kirn's motion, noting that in *Obduskey*, the Supreme Court "held that entities enforcing a security interest by initiating a *nonjudicial foreclosure* are debt collectors under 1692a(6)'s secondary definition, and thus are bound by the limitations prescribed by section 1692f(6)." (ECF No. 19 at 21-22 (quoting *Riotto v. SN Servicing Corp.*, Civ. No. 19-13921, 2022 WL 1261532, at *3 (D.N.J. Apr. 27, 2022)).) But Powers Kirn asked the Court "to extend *Obduskey* to situations, like here, where an entity in the business of attempting to enforce security interests does so through a *judicial foreclosure*." (*Id.*) And although the United States Court of Appeals for the Third Circuit has yet to consider whether the holding in *Obduskey* extends to judical foreclosures, other district courts in this Circuit "have declined to extend *Obduskey* to cases beyond those involving nonjudicial foreclosures." (*Id.* at 22.) For these reasons, the Court allowed Plaintiff's claim under the FDCPA to proceed. (*Id.*)

Plaintiff subsequently filed an Amended Complaint, which asserts the same claim under the FDCPA against Powers Kirn. (ECF No. 25 ¶¶ 61-86.) Plaintiff does not bring any other claim against Powers Kirn and has since submitted a notice of settlement with CitiMortgage and Cenlar. (*See id.*; ECF No. 38.)

---

[2] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

## II.     DISCUSSION

Ordinarily, litigants may not appeal denials of motions to dismiss because such decisions are not final within the meaning of 28 U.S.C. § 1291.  *See In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009).  But a district court may certify a nonfinal order for immediate appeal under 28 U.S.C. § 1292(b) if the order meets the statute's three requirements.  *See Roberts v. Cnty. of Essex*, Civ. No. 15-7061, 2023 WL 2966771, at *5 (D.N.J. Apr. 17, 2023) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996)).  The order must (1) involve a "controlling question of law," (2) offer "substantial ground for difference of opinion" as to its correctness, and (3) if appealed immediately, "materially advance the ultimate termination of the litigation."  *Id.* (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)).

The movant bears the burden of demonstrating that all three requirements are met.  *See Fed. Trade Comm's v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. Apr. 7, 2014). Interlocutory appeal is to be "used sparingly" and "only in 'exceptional' circumstances that justify a departure from the basic policy of postponing review until the entry of the final order."  *Morgan v. Ford Motor Co.*, Civ. No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (quoting *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir.1998)).  Thus, "even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Id.* (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995); *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir.1976)).

Here, the Court denies Powers Kirn's motion to certify the Court's May 31, 2024 Order for immediate appeal because Powers Kirn has not demonstrated a substantial ground for difference of opinion on a controlling question of law.

3

A difference of opinion exists where there is "genuine doubt as to the correct legal standard." *Interfaith Cmty. Org., Inc. v. PPG Indus.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (citation omitted). "[C]onflicting judicial opinions" may demonstrate a substantial ground for difference of opinion, "as does a lack of binding precedent." *Chocolate Confectionary*, 607 F. Supp 2d at 706.

As the Court noted in its previous Opinion, other district courts in this Circuit have declined to extend *Obduskey* to cases involving judicial foreclosures. *See, e.g.*, *Riotto*, 2022 WL 1261532, at *3 (collecting cases). Powers Kirn relies on *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993 (9th Cir. 2020) to establish a substantial ground for difference of opinion, arguing that the United States Court of Appeals for the Ninth Circuit "applied the limited-purpose definition of debt collector in the context of a judicial foreclosure." (ECF No. 30 at 10.) But *Barnes* does not conflict with this Court's ruling, nor with the general consensus in this Circuit. In *Barnes*, the Ninth Circuit concluded that the FDCPA's "applicability turns not on the [the distinction between judicial and non-judicial foreclosure,] but on whether the foreclosure plaintiff seeks to recover any debt beyond the proceeds from the sale of the foreclosed property." 963 F.3d at 995. A plaintiff seeking "not only to foreclose on the property but also to recover the remainder of the debt through a deficiency judgment" is "attempting to collect a debt within the meaning of the FDCPA." *Id.* at 995-96. In *Barnes*, the defendants sought only to enforce a security interest "without any pursuit of money repayment." *Ennis v. Shapiro & Denardo, LLC*, Civ. No. 20-14788, 2021 WL 5298506, at *3 (D.N.J. Nov. 15, 2021). In fact, a pursuit of money repayment would have been futile because the applicable state law in *Barnes* "precludes deficiency judgments when a creditor judicially forecloses a residential deed of trust." 963 F.3d at 996. Because the *Barnes* defendant could not recover the debt through a deficiency judgment, its pursuit of a judicial foreclosure was not a form of debt collection regulated by the FDCPA. *Id.*

4

By contrast, New Jersey law permits deficiency actions if the foreclosure sale fails to generate proceeds sufficient to satisfy the debt. *See W. Pleasant-CPGT, Inc. v. U.S. Home Corp.*, 233 A.3d 463, 471 (N.J. 2020). At least one other court in this district has already distinguished *Barnes* on this exact basis. *See Ennis*, 2021 WL 5298506, at *2-3 (finding that the FDCPA applies to a law firm prosecuting a foreclosure action because it "pursued a judicial foreclosure" in New Jersey, where "a deficiency judgment was available"). And the *Barnes* decision itself noted that the filing of a foreclosure action can qualify as debt collection if "a deficiency judgment is on the table in the proceeding." 963 F.3d at 999 (citing *McNair v. Maxwell & Morgan PC*, 893 F.3d 680, 683 (9th Cir. 2018)). Because the *Barnes* decision does not conflict with the general consensus in this Circuit, the Court finds that it does not evince a substantial ground for difference of opinion that warrants immediate appeal.

Powers Kirn does not offer any other authority to establish that "reasonable jurists might disagree" on this issue's resolution. *See FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634-35 (D.N.J. 2014) (quoting *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). And although Powers Kirn is correct that a lack of binding precedent may demonstrate substantial grounds for difference of opinion, the Court is not convinced that there is a "genuine doubt as to the correct legal standard" sufficient to justify an immediate appeal. *Interfaith Cmty. Org.*, 702 F. Supp. 2d at 319; *see also Lloyd v. Pluese, Becker, & Saltzman, LLC*, Civ. No. 18-9420, 2019 WL 6113859, at *2-3 (D.N.J. Nov. 18, 2019) (collecting cases that declined to extend *Obduskey*'s holding to the judicial foreclosure context, and noting that judicial foreclosures "are meaningfully distinguishable from nonjudicial foreclosures in a manner that is inconsistent with extending *Obduskey's* reasoning to the judicial foreclosure context"); *Riotto*, 2022 WL 1261532, at *3 (collecting cases, "including others within the Third Circuit," which "have declined to extend

*Obduskey* to cases beyond those involving nonjudicial foreclosures"); *Ennis*, 2021 WL 5298506, at *2 ("District courts have treated law firms in the business of judicial foreclosures as debt collectors under the FDCPA.").

The Court will therefore exercise its discretion to deny Powers Kirn's motion to certify an interlocutory appeal. *See In re Kara Homes, Inc.*, Civ. Nos. 19-19110, 19-18703, & 19-17223, 2020 WL 3496958, at *3 (D.N.J. Jun. 29, 2020) (noting that courts "narrowly interpret the second criterion" (citations omitted)).

### III. CONCLUSION

For the foregoing reasons, and other good cause shown, **IT IS** on this 2nd day of January, 2025, **ORDERED** as follows:

1. Powers Kirn, LLC's motion for an order certifying an interlocutory appeal and staying this matter (ECF No. 24) is **DENIED**.

2. The Clerk is directed to **TERMINATE** the motion pending at ECF No. 24.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**